# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **DENNIS MAYES, ID # 14074220,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:15-CV-3424-M-BH |
| ) | |
| **LUPE VALDEZ, et al.,** ) | |
| **Defendants.** ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED with prejudice**.

## I. BACKGROUND

Dennis Mayes (Plaintiff) brings suit under 42 U.S.C. § 1983 against Dallas County Sheriff Lupe Valdez (Sheriff), Dallas County Jail North Tower Captain Sanders (Captain),[1] unnamed North Tower shift supervisors, sergeants, and lieutenants (Supervisors), and unnamed members of the Grievance Committee (GC Members) of the Dallas County Jail (Jail) (collectively Defendants), in their individual and official capacities. (doc. 3 at 3-4, 6-11;[2] doc. 12 at 2-3.[3]) He claims that the defendants' failure to train and supervise the guards have fostered a culture at the Jail that permits violations of inmates' civil rights, especially those of inmates charged with sex offenses or family

---

[1] Plaintiff provides no first name for this defendant. (*See* docs. 3, 12.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

violence.[4] (doc. 3 at 4; doc. 12 at 3, 12-13.) He also contends that the Jail's grievance policy falls short of federal and state standards, its law library is inadequate and improperly staffed, and that it fails to provide enough and adequate meals. (doc. 3 at 6-9; doc. 12 at 4-5.) He claims that inmates are subjected to cruel and unusual punishment and violation of their due process rights because there are too many "quiet times" during the day, and officers arbitrarily turn off the television to punish inmates for using the call button and deny access to recreation, and that forcing inmates to clean up in order to obtain television privileges amounts to involuntary servitude. (doc. 3 at 9-10; doc. 12 at 3-4.) After filing this case, Plaintiff was convicted and transferred from the Jail to a Texas Department of Criminal Justice facility. (doc. 12 at 1, 7, 9.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible

---

[4] Plaintiff was indicted for aggravated sexual assault of a child on February 25, 2013. (doc. 12 at 7.) He was arrested and booked into the Jail on December 30, 2014. (*Id.* at 6-7.)

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.  SECTION 1983

Plaintiff sues Defendants under 42 U.S.C. § 1983 for violations of his constitutionally protected rights. (docs. 3, 12.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.     Official Capacity Claims**

Plaintiff sues all Defendants in their official capacities. (doc. 12 at 2.)

An official capacity claim is another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (noting "[i]t is *not* a suit against the official personally, for the real party in interest is the entity") (emphasis in original).

  *1.     Non-jural Entity*

By suing Captain, Supervisors, and GC Members in their official capacities, Plaintiff is suing

3

the Dallas County Sheriff's Department (Department). (*See* doc. 3 at 3); *see, e.g., Lowe v. Palo Pinto Cty. Sheriff's Dep't*, No. 4:15-CV-285-A, 2015 WL 1781246, at *2 (N.D. Tex. Apr. 15, 2015) (noting that claims brought against jailers in their official capacity would be against their employer, the sheriff's department); *Reynolds v. City of Poteet*, No. SA:12-CV-01112-DAE, 2013 WL 594731, at *13 (W.D. Tex. Feb. 15, 2013) (same).

A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Neither the Jail, the Department, nor any committee of the Jail or Department, are jural entities subject to suit.[5] *See, e.g., Edwards v. Dallas Cty. Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007); *Magnett v. Dallas Cty. Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998). Any official capacity claims against Captain, Supervisors, and GC Members should be dismissed for failure to state a claim.

### 2. *Municipal Liability*

Plaintiff's suit against the Sheriff in her official capacity is an action against her municipal employer, i.e., Dallas County. *See Stiff v. Stinson*, No. 3:12-CV-4998-D, 2013 WL 3242468, at *3 (N.D. Tex. June 27, 2013) (citing *Kentucky*, 473 U.S. at 165). Municipalities, including counties,[6]

---

[5] Although Plaintiff does not identify the Jail as one of the listed defendants, he states that "[t]he Jail is liable." (*See* docs. 3 at 3; 12 at 2, 3.) To the extent that his and questionnaire answer could be liberally construed as asserting claims against the Jail, it is also be a non-jural entity, and any claims against it would also be subject to dismissal.

[6] The municipal liability analysis also applies to Texas counties. *See Prince v. Curry*, No. 10-10294, 2011 WL 1659493, at * 3 n.3 (5th Cir. Apr. 28, 2011); *Brady v. Fort Bend Cty.*, 145 F.3d 691 (5th Cir. 1998).

may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). To hold a municipality liable under § 1983, however, plaintiffs must show an "underlying claim of a violation of rights," as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). The official policy requirement means that municipal liability under § 1983 is "limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

### a. Grievance Policy

Plaintiff complains that the Jail's grievance policy falls "way short" of the federal and state standards. (doc. 3 at 6.) "A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable claim [under § 1983]." *Mcbride v. Valdez*, No. 3:13-CV-4629-M, 2014 WL 97379, at *3 (N.D. Tex. Jan. 8, 2014) (citations omitted): *accord Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (noting "[an inmate] does not have a protected liberty interest in the processing of his prison grievances") (citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam)). Accordingly, Plaintiff has failed to allege the violation of a constitutionally protected right. His municipal liability claim regarding the Jail's grievance policy should therefore be dismissed for failure to state a claim.

### b. Law Library

Plaintiff next complains that the Jail's law library is "inadequate and improperly staffed," which denies him access to the courts. (doc. 3 at 6-8; *see* doc. 12 at 8.) Prisoners have a constitutionally recognized right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821

5

(1977).[7] This right "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1979)). It is also an "aspect of the First Amendment right to petition the government for grievances." *Id.* at 820. The right includes either "adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. The right does not guarantee any "particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996).

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See id.*; *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access).[8] The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil

---

[7] *See also Bill Johnson's Rest., Inc. v. NLRB*, 461 U.S. 731, 741 (1983) (noting "the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses") (quoting *Chrissy F. v. Mississippi Dep't of Public Welfare*, 925 F.2d 844, 851 (5th Cir. 1991)).

[8] *See also Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (inmate alleging denial of access to courts must demonstrate actual injury) (citing *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding that a prisoner cannot prevail on an access-to-the-courts claim without proof of actual injury); *McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998) (noting that a plaintiff must show prejudice to his position as a litigant) (citations omitted).

rights action under § 1983. *Id.* at 354-55 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). As the right of access to the courts is not a "freestanding right," it is necessary that he demonstrate actual injury resulting from the alleged denial of access. *Id.* at 351. Without a showing of an actual injury, plaintiffs lack standing to pursue claimed denials of access to courts. *Id.* at 349. This requires a plaintiff to allege, at a minimum, that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted). A plaintiff must describe the claim well enough to establish that its "arguable nature . . . is more than hope." *Id.* at 416 (internal quotation marks omitted).

A plaintiff represented by court-appointed counsel has no constitutional right of access to a law library. *See Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996) (per curiam) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.") (citation omitted); *see also Caraballo v. Fed. Bureau of Prisons*, 124 F. App'x 284, 285 (5th Cir. 2005) (per curiam) (holding that because plaintiff had court-appointed counsel, he had no constitutional right of access to the law library to help prepare his defense).

According to Plaintiff, an attorney was appointed to represent him in the criminal case for which he was being detained. (doc. 12 at 7.) Accordingly, any alleged inadequacies of the law library did not violate his right of access to the courts regarding his criminal case while he was represented by counsel. *See Degrate*, 84 F.3d at 768-69. Moreover, although he generally alleges that the conditions of the law library "hindered [him] from preparing for trial," that he was not appointed counsel in his civil cases, and that his appointed criminal attorney could not help him with

7

his jail condition civil cases, (doc. 12 at 8), he has wholly failed to allege any specific harm, (*See* docs. 3, 12). He has not identified any motions that he was unable to file or any non-frivolous claim that he was unable to pursue. (*See id.*) He has failed to allege any facts that amount to a denial of his constitutional right of access to courts that hindered his ability to file a non-frivolous claim. Therefore, he has failed to state a plausible claim that he was denied access to the courts. His claim regarding the law library and access to the courts should therefore be dismissed for failure to state a claim.

### c. *Jail Conditions*

Plaintiff claims that the conditions of his confinement violated his constitutional rights. (doc. 3 at 8-10.) The Supreme Court has held that the claims of a pretrial detainee for unconstitutional conditions of confinement[9] are analyzed under the Fourteenth Amendment's guarantee of due process of law as opposed to the Eighth Amendment's prohibition of cruel and unusual punishment, which applies only to sentenced inmates. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996).

In the context of § 1983 claims by pretrial detainees, the Fifth Circuit has distinguished between cases challenging specific acts and omissions and those alleging constitutional deprivations by virtue of the general conditions of confinement. *See Hare*, 74 F.3d at 644. A conditions of confinement case is a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement." *See id.* In condition cases, the harm is caused by the condition itself. *See id.* "This is true, for example, where inadequate food, heating, or sanitary conditions themselves

---

[9] "A 'condition of confinement' case is a '[c]onstitutional attack[ ] on general conditions, practices, rules, or restrictions of pretrial confinement.'" *See Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc) (alterations in original) (quoting *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996)).

constitute miserable conditions." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc). The Fifth Circuit has concluded that where a pretrial detainee challenges the general conditions of confinement, as opposed to particular acts or omissions, a constitutional violation exists only if the court finds that the conditions of confinement are not reasonably related to a legitimate, non-punitive governmental objective. *See Hare*, 74 F.3d at 640 (citing *Bell*, 441 U.S. at 538-39, 99); *see also Scott*, 114 F.3d at 53.

In contrast, where a plaintiff's allegations are based on a particular act or omission of one or more officials, the action is characterized as an "episodic act or omission" case. *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999); *Hare*, 74 F.3d at 645. To succeed in holding a municipality liable, the plaintiff must show a municipal employee's subjective indifference and additionally that the municipal employee's act "resulted from a municipal policy or custom adopted or maintained with objective deliberate indifference to the [plaintiff]'s constitutional rights." *Hare*, 74 F.3d at 650 at 649 n.4; *accord Olabisiomotosho*, 185 F.3d at 526.

### i. Meals

Plaintiff first alleges that the meals served by the Jail violate his constitutional rights. (*See* doc. 3 at 8-9.) He claims that his tank is usually the last to be fed, that the Jail is short trays approximately once per day, and that the guards sometimes have to "find" a sufficient number of trays, which causes them to be cold. (*Id.*) Also, inmates are rushed to finish eating so that the television will be turned back on, and if a normal tray cannot be found, the inmate is given a diet meal that lacks syrup, fruit, or snacks. (*Id.*) Because Plaintiff's factual allegations do not suggest a "systematic failure" in failing to provide nutritionally adequate meals to detainees at the Jail, he presents an episodic act or omission claim. *See Shepherd v. Dallas Cty.*, 591 F.3d 445, 452 (5th Cir.

9

2009) (collecting episodic act or omission cases in which the plaintiff did not suffer from an alleged unlawful condition but from an individual's specific acts, and distinguishing them from a confinement claim); *see, e.g., McGarrah v. Kimbrow*, No. 3:14-CV-2088-B-BK, 2015 WL 105228, at *4 (N.D. Tex. Jan. 6, 2015) (considering a claim related to reduced food portions).

"A government entity may incur Section 1983 liability for episodic acts and omissions injurious to a pretrial detainee if plaintiffs first prove that County officials, acting with subjective deliberate indifference, violated [his] constitutional rights; and plaintiffs then establish that the County employees' acts resulted from a municipal policy or custom adopted with objective indifference to the detainee's constitutional rights." *Sanchez v. Young Cty.*, ___ F.3d ___, 2017 WL 3224981, at *4 (5th Cir. 2017) (per curiam) (citing *Hare*, 74 F.3d at 649 n.4). The subjective deliberate indifference standard focuses on what the municipal employee actually knew. *Olabisiomotosho*, 185 F.3d at 526. The objective deliberate indifference standard considers not only what the policymaker actually knew, but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights. *Lawson v. Dallas Cty.*, 286 F.3d 257, 264 (5th Cir. 2002).

While the Constitution requires that inmates receive "reasonably adequate" food, *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988) (citation omitted), Plaintiff has pleaded no facts to support that the meals he received were nutritionally or otherwise constitutionally inadequate or improper, *see Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977) ("A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required.").[10] "Moreover, the fact that

---

[10] *See also Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) ("Missing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period. We are therefore doubtful that [the Plaintiff] was denied anything close to a minimal measure of life's necessities."); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting that the deprivation of eight meals over a seven month period did not deprive an inmate of "the minimal measures

food was served cold or at improper temperatures does not rise to a constitutional deprivation." *McGarrah*, 2015 WL 105228, at *5 (citing *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985)). Accordingly, Plaintiff fails to allege a violation of his constitutional rights. Even if he had pleaded a violation of his constitutional rights, he still failed to allege that the Jail employees acted with subjective deliberate indifference or that their actions resulted from a municipal policy or custom that was adopted with objective indifference to the inmate's constitutional rights. *See Hare*, 74 F.3d at 650 at 649 n. 4; *see also Olabisiomotosho*, 185 F.3d at 526. Accordingly, he fails to state a claim upon which relief can be granted.

### ii. Recreation

Plaintiff next alleges that restrictions to his recreation time violate his constitutional rights. (*See* doc. 3 at 9-10.) He claims that the Jail restricts inmates' access to the dayroom, imposes "Quiet Time" during the day when televisions are turned off, and forces inmates to "clean up" in order to watch television. (*Id.* at 8-9.) These complaints are considered conditions of confinement claims because the alleged harms were caused by the conditions themselves. *See Olabisiomotosho*, 185 F.3d at 526 (noting conditions of confinement include such claims as a detainee's complaints of "the number of bunks in a cell or his television or mail privileges"); *cf. Scott*, 114 F.3d at 53 (noting "where the complained-of harm is a particular act or omission of one or more officials, the action is characterized properly as an 'episodic act or omission' case"). As noted, for a condition of confinement claim, a constitutional violation exists only if the court finds that the conditions of confinement are not reasonably related to a legitimate, non-punitive governmental objective. *See Hare*, 74 F.3d at 640.

---

of life's necessities").

It is well-established that lawful incarceration results in the necessary limitation of many privileges and rights of the ordinary citizen. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell*, 441 U.S. at 535. "[I]f a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment. *Morrow v. Harwell*, 768 F.2d 619, 625 (5th Cir. 1985) (citations omitted). "But complaints that essentially allege that prison officials have interfered with a detainee's desire to live more comfortably . . . do not allege a constitutional violation and are properly dismissed as frivolous." *McGarrah v. Williams*, No. 3:14-CV-1119-M, 2014 WL 4696015, at *2 (N.D. Tex. Sept. 18, 2014) (citing *Joseph v. Barthelemy*, 95 F.3d 53, 1996 WL 460003, at *2 (5th Cir. 1996)).

Here, Plaintiff has not alleged that the Jail acted arbitrary or that it lacked a legitimate goal or purpose in its restrictions regarding dayroom access, noise, and the televisions. (doc. 3 at 10.) Additionally, "[t]here is no constitutional right to radio or television in jail." *Cooper v. Bowles*, No. 3:91-CV-2622-D, 1997 WL 361879, at *2 (N.D. Tex. June 20, 1997). Nor is there a right to certain amounts of day room recreation time. *See Smith v. Cockrell*, No. 2:02-CV-0305, 2003 WL 22076476, at *3 (N.D. Tex. May 1, 2003); *see also Northup v. Bell*, No. 6:11-CV-222, 2012 WL 2814307, at *8 (E.D. Tex. June 12, 2012) (rejecting a claim that an inadequate number of seats in a day room violated a prisoner's Eighth Amendment rights), *adopted by* 2012 WL 2813973 (E.D. Tex. July 9, 2012). Accordingly, he fails to state a claim upon which relief can be granted.[11] *See McGarrah*, 2014 WL 4696015, at *2-3 (dismissing a condition of confinement claim as frivolous

---

[11] Even if Plaintiff's claims were considered as episodic act or omission claims, he would still fail to state a claim for the same reasons.

where the plaintiff's allegations did allege the violation of a constitutional right, so he failed to state a claim under § 1983).

In conclusion, Plaintiff has failed to allege any facts that amount to a denial of his constitutional rights regarding the conditions of the Jail. His conditions of confinement claim should therefore be dismissed for failure to state a claim.

**B.    Individual Capacity Claims**

Plaintiff sues Sheriff, Captain, and Supervisors in their individual capacities on grounds that they failed to supervise and train the Jail's guards. (docs. 3 at 6-11; 12 at 2-6.) He alleges that he sent them letters and grievance, but they failed to adequately respond. (*See* docs. 3 at 6; 12 at 5-6.)

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or *respondeat superior* liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: (1) the supervisor's conduct directly caused a constitutional violation; or (2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). There must be some showing of personal involvement by a particular individual defendant to prevail against such individuals. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999).

*1.    Letters and Grievances*

As noted, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (noting an "affirmative link" is needed between an injury and conduct of the defendant). To the extent that Plaintiff's allegations that

Defendants failed to respond to his letters and complaints are intended to show personal involvement, a failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability, however. *Lewis v. City of Waxahachie*, No. 3:10-CV-2578-N, 2011 WL 7070991, at *6 (N.D. Tex. Dec. 21, 2011), *adopted by* 2012 WL 176681 (N.D. Tex. Jan. 20, 2012) (citing *Amir–Sharif v. Valdez*, No. 3:06-CV-2258-P, 2007 WL 1791266, at *2 (N.D. Tex. June 6, 2007) (holding that no liability under § 1983 had been alleged because a failure to take corrective action in response to a grievance does not rise to the level of personal involvement); *Praylor v. Partridge*, No. 7:03-CV-247-BD, 2005 WL 1528690, at *2 (N.D. Tex. June 28, 2005) (same); *Rader v. Lubbock Cty.*, No. 5-01-CV-258-C, 2003 WL 21145788, at *10-15 (N.D. Tex. Apr. 25, 2003) (same).

To the extent that Plaintiff's allegations are intended to state a separate basis for individual liability against Defendants, the Fifth Circuit has held that inmates do not have a constitutionally protected interest in having grievances resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. Oct. 24, 2007) (per curiam) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances). Accordingly, Defendants' alleged failure to adequately respond to Plaintiff's letters and grievances does not sufficiently plead their personal involvement for purposes of individual liability or state a claim upon which relief may be granted.

### 2. *Failure to Supervise and Train*

To establish liability on a failure to supervise or train claim, "the plaintiff must show that (1) [the supervisor] failed to supervise or train the officer; (2) a causal connection existed between the

failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). A negligent failure to train is insufficient; a plaintiff must show that the failure to train was done with "deliberate indifference" to his rights. *See Brd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 407 (1997) ("A showing of simple or even heightened negligence will not suffice."). A showing of deliberate indifference usually requires "[p]roof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights." *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis*, 406 F.3d at 381.

"[C]ourts are reluctant to impute knowledge to supervisory or policy-making officials, and absent imputed knowledge, courts cannot find deliberate indifference." *Batiste v. City of Beaumont*, 421 F. Supp. 2d 969, 987 (E.D. Tex. 2005). Courts have consistently held that knowledge may be imputed to a supervisory official only in those cases where there is evidence of a history of widespread abuse, "and even then only when there is a causal connection between the failure to supervise or train and the constitutional violation, and the failure to supervise or train amounts to deliberate indifference." *Batiste v. City of Beaumont*, 421 F. Supp. 2d 1000, 1006 (E.D. Tex. 2006). Plaintiffs must at least present evidence showing a pattern of similar violations. *See Estate of Davis*, 406 F.3d at 381; *Thompson*, 245 F.3d at 459. A single incident of an alleged constitutional violation may serve as a basis for liability, however, if a plaintiff "prove[s] that the 'highly probable' consequence of a failure to train [or supervise] would result in the specific injury suffered, and that

the failure to train [or supervise] represents the moving force behind the [c]onstitutional violation." *Estate of Davis*, 406 F.3d at 385-86.

Here, Plaintiff contends that he sent Sheriff a personal letter asking her to investigate and intervene, but that she failed to respond. (*See* doc. 12 at 5-6.) He also sent multiple letters to Captain and Supervisors, but received no response, and no policy changes occurred. (*Id.* at 6.) He has not alleged that Sheriff, Captain, or Supervisors had notice of a pattern of similar violations in the past but failed to train or supervise, or that the highly predictable consequence of their failure to train or supervise would result in injury to Plaintiff. (*See id.*) Accordingly, Plaintiff's claims against Sheriff, Captain, and Supervisors in their individual capacities for alleged failure to supervise or train should be dismissed for failure to state a claim.[12]

## IV. RECOMMENDATION

Plaintiff's claims should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2) and § 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[13]

---

[12] While a civil rights action may be initiated against unidentified defendants when their true names are not yet known but may be learned, *see Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390 n.2 (1971), discovery in an attempt to learn the identities of unnamed defendants is warranted only where it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992); *Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam) (citing *Colle v. Brazos Cty.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993)); *Hittle v. City of Garland*, 1 F.3d 1236, 1993 WL 309911, at *2 (5th Cir. 1993) (unpublished opinion). Even if Plaintiff intended to use discovery to identify the unnamed supervisors, he provided no identifying information about these defendants or alleged incidents in which they were involved that would warrant discovery, despite an opportunity to do so in the questionnaire. (*See* docs. 11 at 4-5; 12 at 1-18.)

[13] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless

16

**SO RECOMMENDED** this 21st day of August, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

17